UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------- x
JLS EQUITIES, LLC, A NEW YORK LIMITED  :
LIABILITY COMPANY,                     :
                                       :   Case No. 2:19-cv-17615
              Plaintiff,         :
                                       :
   v.                                  :
                                       :
RIVER FUNDING, LLC; LENOX HUDSON,      :
LLC; LENOX TEMPLE, LLC; TEANECK        :
PLAZA VENTURES, LLC; SETH LEVINE; and  :
SHIRA LEVINE,                          :
                                       :
             Defendants.        :
------------------------------------------------------------- x

## ASCEND RE PARTNERS II, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE

Bruce H. Nagel, Esq.
Nagel Rice LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-0400

Eric D. Herschmann, Esq.
Michael Paul Bowen, Esq. (*pro hac vice* application forthcoming)
Andrew R. Kurland, Esq. (*pro hac vice* application forthcoming)
Jeffrey Ephraim Glatt, Esq. (*pro hac vice* application forthcoming)
KASOWITZ BENSON TORRES LLP
New York, New York 10019
(212) 506-1700

*Attorneys for Ascend Re Partners II, LLC*

Pursuant to Federal Rule of Civil Procedure 24, Ascend Re Partners II, LLC ("Ascend") submits this Memorandum of Law in Support of its Motion to Intervene in this action in connection with the Order to Show Cause filed on September 4, 2019 ("Receivership OSC") by plaintiff JLS Equities, LLC ("JLS") against River Funding, LLC ("River Funding"), Lenox Hudson, LLC ("Lenox Hudson"), Lenox Temple, LLC ("Lenox Temple"), Teaneck Plaza Ventures, LLC ("Teaneck Plaza"), Seth Levine ("Levine") and Shira Levine, and any further matters in this Action as they pertain to Ascend or its protectable legal interests in property of the defendants.

## PRELIMINARY STATEMENT

Ascend intervenes to protect its ownership interest in two of the real properties and related assets at issue in this action, which properties are located at 107-109 Hudson Street and 54-78 Temple Avenue, in Hackensack, Bergen County. Title to these properties is held, respectively, by Lenox Hudson and Lenox Temple, limited liability companies created by Ascend and in which it owns a 60% interest (together, the "Lenox LLCs"). Defendant Levine owned the remaining 40% membership interest, and was, at all relevant times, charged with managing the Lenox LLCs and the respective properties.

Levine, however, breached the fiduciary duties he owed to Ascend. Among other wrongful and actionable conduct, he engaged in fraudulent transfers, made material omissions and false representations to Ascend, mismanaged the properties and purported to encumber and alienate the Lenox Hudson and Lenox Temple properties to the detriment of Ascend. Concealing his fraud from Ascend, Levine falsified business records and fraudulently claimed that 100% of the ownership interest in Lenox Hudson and Lenox Temple had been transferred to River Funding, an entity owned solely by himself, when, in truth, no such transaction was

1

approved by Ascend or in fact occurred. In carrying out this fraud, Levine executed Share Certificates falsely certifying that River Funding is the sole, 100% owner of Lenox Hudson and Lenox Temple and he apparently used these falsified documents to fraudulently pledge these properties as collateral to secure the $1 million loan from JLS that is the subject of this action.

Because Ascend's interest in these properties is inextricably at stake in this action and is implicated in any claim by JLS or any other party to these properties as collateral or otherwise, intervention is proper as a matter of right pursuant to Rule 24 of the federal rules. Ascend's intervention, moreover, is both timely and will not interfere with the orderly administration of this action, which is in its nascent stages. In that regard, Ascend does not oppose (and in fact supports) the appointment of the Receiver, in order to protect the properties, the rent receivables and all related assets while the affected parties, including Ascend, conclude their investigations of Levine's fraud, gross mismanagement and other malfeasance.

Based on discussions with counsel for JLS, Ascend expects that this intervention motion will be unopposed.

## **RELEVANT FACTS**

Ascend created Lenox Hudson and Lenox Temple to hold title to the properties noted above. In about September 2013, Ascend entered into written agreements with Levine whereby Levine, through entities he controlled, became a 40% owner of Lenox Hudson and Lenox Temple and agreed to manage the respective real property held by those entities. Amended operating agreements for both Lenox Hudson and Lenox Temple set forth the respective rights of Ascend and the Levine entities as the LLC members. Declaration of Moshael J. Straus, dated September 26, 2019 ("Straus Decl."), ¶¶ 2-4.

Since that time to this day, Ascend has maintained its 60% ownership interest in both Lenox Hudson and Lenox Temple. At no time did Ascend ever agree to transfer any portion of its ownership in these entities. And, in fact, no such valid transfer ever occurred. *See id.* ¶ 5.

Ascend only recently learned of any malfeasance by Levine. In fact, Ascend had no knowledge of – and Levine fraudulently concealed from Ascend – his purported transfer of 100% ownership of the Lenox LLCs to River Funding, owned entirely by himself, which transfer is a fraud and outright theft. The first time Ascend learned of this fraudulent transfer was the complaint in this action, and the pleadings in the other matters consolidated herewith, including the action against Levine filed by Federal Home Loan Mortgage Corporation ("Freddie Mac") this past August, *Federal Home Loan Mortgage Corp. v. Levine*, No. 19-17421, ECF No. 1 (D.N.J. 2019).

In its complaint, Freddie Mac asserts that the FBI executed a search warrant on Levine's offices in connection with a federal investigation of Levine and his companies. *See* Freddie Mac Compl. ¶¶ 57, 58. That complaint further alleges that Levine and his companies are no longer actively conducting business, and, as such, the properties associated with Levine and his companies are not being managed and are effectively abandoned. *Id.* at ¶¶ 59, 60, 62 and 63. These facts were confirmed by Levine's counsel. *Id.* at ¶ 64.

On September 4, 2019, JLS initiated this Action by the filing of the Receivership OSC, which was based on information obtained by JLS. Specifically, the Receivership OSC alleges, among other things, that JLS made a loan to River Funding, secured by a pledge of River Funding's 100% interest in three real estate holding companies, including Lenox Hudson and Lenox Temple. The Receivership OSC also alleges that (1) JLS has learned that it might be the victim of a massive fraud perpetrated by Levine; (2) the defendants are experiencing cash flow

problems; and (3) there may not be any existing management in place to preserve and protect the Property. Receivership OSC at ¶¶ 26-41.

On September 6, 2019, this Court issued a *Preliminary Injunction Order* in the Freddie Mac Action, appointing a receiver for the properties at issue in that case, which properties are unrelated to the properties at issue in this Action. *See* Freddie Mac, No. 19-17421, ECF No. 10.

On September 11, 2019, counsel for JLS filed a Letter from Timothy P. Duggan regarding revisions to the Order Appointing Receiver in this Action as Docket No. 6 (the "Duggan Letter"). Attached to the Duggan Letter is a revised form of order, which provides, among other things, that (1) the receiver is authorized to take control, possession and custody of defendants' properties; (2) the tenants of the properties are to pay all rents and fees to the receiver that are due now and unpaid or which in the future become due; (3) the receiver is authorized to take complete and exclusive control over Lenox Hudson and Lenox Temple and certain other of defendants; (4) the receiver is authorized to manage, maintain, preserve and repair the defendants' properties; and (5) the receiver shall furnish JLS, with a copy to JLS's attorney and all other parties, certain monthly reports and statements. Proposed Receivership Order ¶¶ 3-6 and 12.

On September 12, 2019, the Court entered an Order Appointing Receiver as Docket No. 7 (the "Receivership Order"), in substantially the form attached to the Duggan Letter, appointing Colliers International (the "Receiver") for the Property.

Thereafter, interested third parties have filed motions to intervene in this action.

As noted, Ascend does not oppose the appointment of the Receiver and does not challenge any of the proceedings in this action to date. Nor does it anticipate interposing any objection to any pending motions, such as pending intervention motions from other parties.

**ARGUMENT**

### INTERVENTION IS NEEDED AS A MATTER OF JUSTICE AND FAIRNESS IN ORDER TO PROTECT ASCEND'S UNIQUE INTERESTS IN PROPERTY AT ISSUE IN THIS ACTION

Ascend is entitled to intervene as of right under Rule 24(a) of the federal rules, and in any event should be granted permissive joinder under Rule 24(b). Fed. R. Civ. P. 24.

Ascend has the right to intervene here because it "claims an interest relating to the property or transaction that is the subject of the action," namely Lenox Hudson and Lenox Temple, and "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." *See* Fed. R. Civ. P. 24(a)(2).

Ascend satisfies each of the three requirements of Rule 24(a)(2): (1) its application for intervention is "timely"; (2) it has "a sufficient interest in the litigation" that "may be affected or impaired, as a practical matter by disposition of the action"; and (3) its "interest is not adequately represented by an existing party in the litigation." *See Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995); *Cole v. NIBCO, Inc., C.A.*, No. 3:13-cv-07871-FLW-TJB, 2016 U.S. Dist. LEXIS 45245, at *5 (D.N.J. Mar. 31, 2016).

There is no issue of timeliness. The Action was filed less than one month ago, on September 4, 2019. Ascend did not delay in seeking to intervene. In fact, like Ascend, other parties have just recently filed their intervention motions. No party has any basis to claim prejudice because this proceeding is at an early stage, no substantive motions have been filed, and no discovery has been conducted. *See In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982); *see also Wallach v. Eaton Corp.*, 837 F.3d 356, 375-76 (3d Cir. 2016) (factors include stage of the proceeding and, if intervention was delayed, whether that delayed intervention would prejudice any other party).

Intervention is justified because Ascend has sufficient interests in this litigation that will be affected by the Action in that its equity interest in Lenox Hudson and Lenox Temple is "specific to [it], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *See Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 58 (3d Cir. 2018) (permitting intervention). To assess whether Ascend's interests may be impaired or impeded, a court assesses the "the practical consequences of the litigation" and "consider[s] any significant legal effect" on Ascend's interests. *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992). Here, the practical consequences of the Receivership Order and this Action are clearly defined and directly affect Ascend's interest. Specifically, the Receivership Order vests responsibility for maintenance and management of Lenox Hudson and Lenox Temple and the collection of any rents in the Receiver. Accordingly, a party previously unknown to Ascend has taken control of significant assets in which Ascend owns a significant equity interest. Ascend's interest in maximizing the value of Lenox Hudson and Lenox Temple are definable and salient interests that are affected by the appointment of the Receiver.

Finally, Ascend's interest is not adequately protected by JLS or any of the defendants or other intervenors in the Action because Ascend has "adversity of interest" to these parties. *See In re Cmt. Bank of N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005). Notably, to intervene under Rule 24(a), a movant is required to show only that representation of its interests "'may be' inadequate," and "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (citation omitted). Here, Levine and River Funding certainly are adverse to Ascend's interests as they have perpetrated a fraud on Ascend by falsifying the Share Certificates and improperly encumbering Lenox Hudson and Lenox Temple as collateral for River Funding's loan from JLS. JLS is likewise adverse to Ascend's

interests here. JLS seeks a "money judgment for monies loaned to certain defendants," as well as "foreclosure of liens granted to [JLS]," and thus, has overlapping or competing interests with Ascend with respect to any equity or profits in Lenox Hudson and Lenox Temple. As such, intervention is necessary to allow Ascend to protect its significant interests and ensure that the value of Lenox Hudson and Lenox Temple is protected.

Given this analysis and that, generally, "Rule 24(a) is to be liberally construed in favor of intervention," *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992), intervention as of right is proper here.

Alternatively, Ascend is entitled to permissive intervention under Rule 24(b).

Intervention is permitted pursuant to Rule 24(b)(1)(B) where an intervenor "has a claim or defense that shares with the main action a common question of law or fact," *see* Fed. R. Civ. P. 24(b)(1)(B), and the intervention will not unduly delay the proceedings or prejudice the original parties." *See ACRA Turf Club, Ltd. Liab. Co. v. Zanzuccki*, 561 F. App'x 219, 222 (3d Cir. 2014); *see also Worthington v. Bayer Healthcare LLC*, Civil Action No. 11-2793 (ES)(CLW), 2011 U.S. Dist. LEXIS 144369, at *26 (D.N.J. Dec. 15, 2011) ("[t]he court should consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation.") (citing *Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982)); *Bryan v. Fifth Revision Const. Convention*, Civil Action No. 2012-097, 2012 U.S. Dist. LEXIS 149393, at *20 (D.V.I. Oct. 17, 2012) (permitting permissive intervention where additional represented party may enhance the Court's understanding of the claims at issue without delaying the proceedings).

The factors discussed above satisfy this standard here.  Ascend's intervention to protect its ownership interest in Lenox Hudson and Lenox Temple involves the same facts and law as the other parties' claims in the Action.

## **CONCLUSION**

For the foregoing reasons, Ascend respectfully requests that the Court (1) grant its motion to intervene; (2) amend the Receivership Order by adding the following provisions, consistent with the order entered in the Freddie Mac Action:

> (a) The receiver shall not seek authority to sell Lenox Hudson and Lenox Temple except on notice to all interested parties and subject to Ascend's right to object for any reason;
>
> (b) Nothing in the order shall be interpreted to permit the receiver to impair or otherwise interfere with any of the rights and claims of Ascend with respect to its membership interests in Lenox Hudson and Lenox Temple;

and; (3) the Court grant such further relief as it deems just and proper.

Dated: September 26, 2019	Respectfully submitted,


By:   /s/ Eric D. Herschmann
     Eric D. Herschmann, Esq.

     Kasowitz Benson Torres LLP
     1633 Broadway
     New York, New York 10019
     Tel: (212) 506-1700

     *Attorneys for Ascend Re Partners II, LLC*