David W. Fassett (DWF 1636)
ARSENEAULT & FASSETT, LLP
560 Main Street
Chatham, NJ 07928
(973) 635-3366
Attorneys for Defendant Shira Levine

---

| | | |
|---|---|---|
| JLS EQUITIES, LLC, a New York limited liability company, | : | Civil Action No. 19-17615 (MCA) (LDW) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RIVER FUNDING, LLC; LENOX HUDSON, LLC; LENOX TEMPLE, LLC; TEANECK PLAZA VENTURES, LLC; SETH LEVINE; and SHIRA LEVINE, | : | **ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIM** |
| | : | |
| Defendants. | : | |

---

## ANSWER

Defendant Shira Levine ("Shira"), through the undersigned counsel, by way of Answer to Plaintiff's Complaint filed September 4, 2019 [Doc. 1], states as follows:

### NATURE OF ACTION

1.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint and thus denies those allegations.

2.     Paragraph 2 of the Complaint merely describes the nature of this action and thus does not require any response.

### PARTIES

3.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the Complaint and thus denies those allegations.

4.      Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Complaint and thus denies those allegations.

5.      Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5 of the Complaint and thus denies those allegations.

6.      Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the Complaint and thus denies those allegations.

7.      Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Complaint and thus denies those allegations.

8.      Shira admits the allegations contained in paragraph 8 of the Complaint.

9.      Shira admits the allegations contained in paragraph 9 of the Complaint.

<u>JURISDICTION AND VENUE</u>

10.     Paragraph 10 of the Complaint purports to state legal conclusions which do not require any response.

11.      Paragraph 11 of the Complaint purports to state legal conclusions which do not require any response.

<u>LOAN DOCUMENTS AND TRANSACTION</u>

12.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of the Complaint and thus denies those allegations.

13.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the Complaint and thus denies those allegations.

14.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint and thus denies those allegations.

15.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint and thus denies those allegations.

16.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint and thus denies those allegations.

17.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint and thus denies those allegations.

18.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint and thus denies those allegations.

19.     To the extent the allegations contained in paragraph 19 of the Complaint are directed against her, Shira denies those allegations.  To the extent the allegations in paragraph 19 of the Complaint are directed against other Defendants, Shira lacks knowledge or information sufficient to form a belief about the truth of those allegations.

20.     Paragraph 20 of the Complaint merely references the exhibits to the Complaint without asserting any allegations and thus does not require any response.

<u>ISSUERS – REAL ESTATE HOLDING COMPANIES</u>

21.     Paragraph 21 of the Complaint merely references the Issuers without asserting any allegations and thus does not require any response.

22.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint and thus denies those allegations.

23.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint and thus denies those allegations.

24.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Complaint and thus denies those allegations.

25.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Complaint and thus denies those allegations.

## EVENTS OF DEFAULT AND MISMANAGEMENT

26.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the Complaint and thus denies those allegations.

27.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of the Complaint and thus denies those allegations.

28.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Complaint and thus denies those allegations.

29.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Complaint and thus denies those allegations.

30.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Complaint and thus denies those allegations.

31.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of the Complaint and thus denies those allegations.

32.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of the Complaint and thus denies those allegations.

33.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of the Complaint and thus denies those allegations.

34.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of the Complaint and thus denies those allegations.

35.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of the Complaint and thus denies those allegations.

## COUNT I
### (BREACH OF CONTRACT AND FORECLOSURE OF LIEN)

36.　　Shira repeats and incorporates by reference, as if fully set forth herein, the foregoing responses to Paragraphs 1 through 35 of the Complaint.

37.　　Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of the Complaint and thus denies those allegations.

38.　　Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38 of the Complaint and thus denies those allegations.

39.　　Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39 of the Complaint and thus denies those allegations.

40.　　Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 40 of the Complaint and thus denies those allegations.

41.　　Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41 of the Complaint and thus denies those allegations.

## COUNT II
### (RECEIVER)

42.　　Shira repeats and incorporates by reference, as if fully set forth herein, the foregoing responses to Paragraphs 1 through 41 of the Complaint.

43.　　Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint and thus denies those allegations.

44.　　Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of the Complaint and thus denies those allegations.

45.　　Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45 of the Complaint and thus denies those allegations.

46.     Shira lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of the Complaint and thus denies those allegations.

COUNT III
(FRAUD)

47.     Shira repeats and incorporates by reference, as if fully set forth herein, the foregoing responses to Paragraphs 1 through 46 of the Complaint.

48.     To the extent the allegations contained in paragraph 48 of the Complaint are directed against her, Shira denies those allegations.  To the extent the allegations in paragraph 48 of the Complaint are directed against other Defendants, Shira lacks knowledge or information sufficient to form a belief about the truth of those allegations.

49.     To the extent the allegations contained in paragraph 49 of the Complaint are directed against her, Shira denies those allegations.  To the extent the allegations in paragraph 49 of the Complaint are directed against other Defendants, Shira lacks knowledge or information sufficient to form a belief about the truth of those allegations.

50.     To the extent the allegations contained in paragraph 50 of the Complaint are directed against her, Shira denies those allegations.  To the extent the allegations in paragraph 50 of the Complaint are directed against other Defendants, Shira lacks knowledge or information sufficient to form a belief about the truth of those allegations.

51.     To the extent the allegations contained in paragraph 51 of the Complaint are directed against her, Shira denies those allegations.  To the extent the allegations in paragraph 51 of the Complaint are directed against other Defendants, Shira lacks knowledge or information sufficient to form a belief about the truth of those allegations.

PRAYER FOR RELIEF

WHEREFORE, Shira demands judgment dismissing the Complaint against her in its entirety and awarding her costs, attorneys' fees, and any other relief deemed just and owing.

**AFFIRMATIVE DEFENSES**

1.      The Complaint against Shira should be dismissed, in whole or in part, because it fails to state a claim upon which relief can be granted against her.

2.      The Complaint against Shira should be dismissed, in whole or in part, because it fails to state with particularity the circumstances allegedly constituting any fraud by her, in violation of Federal Rule of Civil Procedure 9(b).

3.      The Complaint against Shira should be dismissed, in whole or in part, because it does not, and cannot, allege that Shira is a party to any of the documents referenced in, or attached to, the Complaint except for the Guarantee Agreement dated January 17, 2019 attached thereto as Exhibit L (the "Guarantee Agreement").

4.      The Complaint against Shira should be dismissed, in whole or in part, because Shira is not a party to the Guarantee Agreement.

5.      The Complaint against Shira should be dismissed, in whole or in part, for want of any consideration flowing to Shira.

6.      The Complaint should be dismissed, in whole or in part, because Plaintiff did not exhaust its remedies against the other Defendants and any remedy against Shira, if any, is secondary thereto.

7.      The Complaint should be dismissed, in whole or in part, because it does not, and cannot, allege that Shira participated in any of the actions or inactions alleged against the other Defendants.

8.      The Complaint against Shira should be dismissed, in whole or in part, because any damages sustained by Plaintiff, if any, resulted from the alleged actions or inactions directed against the other Defendants.

9.      The Complaint against Shira should be dismissed, in whole or in part, because any damages sustained by Plaintiff, if any, resulted from causes over which Shira lacked any control and in which she did not participate.

10.     The Complaint against Shira should be dismissed, in whole or in part, because Plaintiff failed to mitigate its damages, if any.

11.     Shira reserves the right to supplement the foregoing Affirmative Defenses.

## CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Shira demands contractual, common-law and statutory contribution and indemnification from and against the other Defendants for any award or judgment entered against her and for her costs and attorneys' fees incurred.

## CERTIFICATION (Local Civil Rule 11.2)

The undersigned counsel is aware of other civil actions filed and assigned in this Court as cases related to this case, as well as other civil actions filed in the Superior Court of New Jersey against Shira and/or one or more of the other Defendants.  However, the undersigned counsel is unaware of any such action the subject of which is the matter in controversy in this action.

ARSENEAULT & FASSETT, LLP
Attorneys for Defendant Shira Levine

By:     /s/ David W. Fassett

Dated: October 15, 2019