**STARK & STARK**
Timothy P. Duggan, Esq.
A Professional Corporation
993 Lenox Drive, Bldg. 2
Lawrenceville, NJ 08648-2389
(609) 896-9060
*Attorneys for Plaintiff, JLS Equities, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JLS EQUITIES, LLC, A NEW YORK LIMITED LIABILITY COMPANY, | CIVIL ACTION NO: 2:19-CV-17615 |
| | Civil Action |
| vs. | |
| RIVER FUNDING, LLC; LENOX HUSDON, LLC; LENOX TEMPLE, LLC; TEANECK PLAZA VENTURES, LLC; SETH LEVINE; and SHIRA LEVINE, | **MEMORANDUM OF LAW IN OPPOSITION AND RESPONSE TO RECEIVER'S MOTION TO SELL** |
| Defendants. | |

### PRELIMINARY STATEMENT

JLS Equities, LLC ("JLS") is a mezzanine lender and received a pledge of the membership interest of Lenox Temple, LLC and Lenox Hudson, LLC, owners of two of the four properties being sold by the Receiver. JLS believes the sale prices are acceptable and the properties should be sold. JLS also does not dispute the amounts owed to the Receiver and Receiver's counsel and, subject to Court approval, does not oppose the Receiver and Receiver's counsel being paid at closing. The amount should include all sums due from both the JLS receivership and US Bank receiverships (discussed below).

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

JLS takes issues with the secured lenders being paid in full at closing. The Receiver has taken the position that the Receiver is not obligated to review payment histories for any of the mortgage loans, verify amounts charged, or review the bona fides and timing of certain mortgage loans. Although JLS believes the Receiver has certain fiduciary duties to all parties, JLS believes the Court should escrow all disputed amounts, as allowed under the Orders enter appointing the Receiver and setting sale procedures, and permit JLS and any other entity with an interest in the proceeds of the sale (i.e. Ascend Re Partners II, LLC) to review and challenge certain amounts and loans. Any undisputed amounts (i.e. principal, non-default interest, legal fees) should be paid, and disputed amounts such as prepayment fees, default interest, late fees being escrowed. JLS has requested payment histories from counsel for the lenders in the hopes of verifying these amounts ***before the hearing date***.

The primary challenge is to the mortgage granted to J&J Capital Realty Associates, LLC. The mortgage is dated January 19, 2019, but ***was not recorded for nine (9) months*** until September 16, 2019, ***which is after this Court appointed a Receiver***. Also, the alleged J&J Capital Realty Associates, LLC loan was made two days before JLS made its loan and was hidden from JLS. Based upon Mr. Levine's conduct in defrauding creditors and the suspect timing of the recording of the J&J Capital Realty Associates, LLC mortgage, the funds should be escrowed to allow the parties limited discovery to investigate the bona fides of the loan.

### STATEMENT OF FACTS

**A.   Background Facts**

JLS made a loan to an entity owned by Seth Levine. JLS does not hold a mortgage loan, but a lien on the membership interest in the borrower which is governed by the Uniform

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

-2-

4829-3149-3598, v. 1

Commercial Code.  JLS obtained an order severing certain claims to allow it to complete its foreclosure on its UCC lien in state court.

B. **Receiver Orders, Counsel Appointing Counsel and Sale Order.**

JLS filed a motion for the appointment of a receiver which was granted on September 11, 2019 (the "Receiver Order"). (Duggan Cert., Exh. A).  After the Receiver obtained counsel, counsel negotiated two additional orders relevant to this motion.  On December 4, 2019, an Amended Receivership Order (the "Amended Receiver Order") (Doc. No. 40) was entered by the Court. (Dug Cert., Exh. B). The Amended Receiver Order provides, among other things:

> 14. Any and all monies advanced by one or more Plaintiffs to the Receiver pursuant to Paragraph 13 of this Order shall be added to the indebtedness due to the Plaintiff that advanced those funds, and shall be secured by the mortgage and any other security instrument that secures that indebtedness, with interest to accrue thereon as set forth in the applicable note, mortgage and other loan documents, *and all such advances shall constitute a first lien before the repayment of any and all other claims against the relevant Property.*

> 24. For the Properties identified on Exhibit C, hereto, *which are subject to more than one Receiver Order* entered in more than one of the Actions, Plaintiffs in these Actions hereby consent to the Receiver (i) preparing and filing a single report for each such Property, and (ii) depositing all rents, profits or proceeds obtained from such Property in a single account in accordance with Paragraph 12, above. Each check or warrant issued in connection with such Property in accordance with Paragraph 12, above, shall have written on its face the abbreviated title and docket number of the first filed case only, together with a brief statement of the purpose for the disbursement. *In the event the Receiver requests an advance in accordance with Paragraph 13 above, such request shall be made to each affected Plaintiff, either or both of whom may elect to fund such advance.*

> 27. At such time, if any, that this Court authorizes a sale of any of the Properties, the Receiver shall, in conformity with such Orders as may be made by this Court, proceed to and have authority to sell such Property as upon execution, or otherwise provided; *however, the Receiver shall not seek authority to sell any of the Properties except on notice to and consent of the affected Plaintiff.*

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

4829-3149-3598, v. 1

(Duggan Cert. Exh. B) (emphasis added).

On May 29, 2020, the Court entered an Order Setting Forth Sale Procedures. (Duggan Cert., Exh. E). The Sale Order provides, among other things:

> 6. Within five (5) calendar days following receipt of all payoff statements, the Seller shall confirm in writing to the Property Owner(s) and any Party holding secured debt or otherwise having an interest in the subject Property(s) whether it agrees to pay the full sum demanded in the first mortgagee's payoff statement and all sums due to the Receiver in good funds at closing, without deduction or offsets of any kind. In addition, *the Seller shall within such five-day period advise such parties whether it agrees to pay any other secured creditors the full sum demanded in their payoff statements in good funds at closing, without deduction or offsets of any kind*.
>
> 8. *Any objections to a Sale Approval Motion shall be made in accordance with the applicable rules of the Court. Any disputes regarding the proposed distribution schedule shall be resolved insofar as possible in connection with the Court's consideration of a Sale Approval Motion.* To the extent any bona fide disputes with respect to the validity, extent or priority of a secured claim cannot be so resolved, the Court may require the escrow of any disputed secured claim amounts; provided, however, that the Court shall not approve the proposed sale or require the escrow of any disputed secured claim amounts without the consent of any secured creditor that is not being paid in full.
>
> 11. If, pursuant to an Approval Order, sale proceeds are escrowed by reason of any unresolved disputes, *any party claiming an interest in such escrowed proceeds shall make a motion on notice to the Parties within thirty (30) calendar days following the closing of title seeking direction from the Court regarding the distribution of escrowed funds*. Any Party claiming an interest in the escrowed funds may respond to the motion in accordance with the applicable Court rules.

(Duggan Cert., Exh. E) (emphasis added).

### C. Payoff Statements.

The payoff letters for the first mortgages granted by Lenox Temple, LLC and Lenox Hudson, LLC, both have default interest. (Duggan cert., Exh. I). The Greystone payoff (first

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

4829-3149-3598, v. 1

mortgage on Lenox Temple property) also has a "prepayment penalty". (Id.). The payoff letter for J&J Capital contains 18% interest and a 6% default interest rate. (Id.).

### D. J&J Realty Mortgage.

JLS made a $1,100,000 loan to River Funding LLC and Norse Holdings, LLC, as set forth in the Verified Complaint. (Sod Cert., Exh A, Doc No. 1 filed 9/4/2019). The loan is secured by a pledge of the equity interest in the entity that owns the Lenox Temple property and Lenox Hudson property. (Id.). The JLS loan was made <u>January 15, 2019</u>. (Id., Exh. A, ¶ 12).

After the JLS loan went into default and it became apparent that Seth Levine, through various entities, had committed a large fraud upon many lenders, receivership actions were filed in this Court. Relevant to this motion are the following actions:

1. Action filed by JLS on September 2, 2019. (Sod Cert., Exh. A). The Court appointed a receiver in the JLS action on September 11, 2019. (Duggan Cert., Exh. A).

2. Action filed by US Bank National on September 10, 2019. (Duggan Cert., Exh. C). US Bank alleges a first mortgage on the Lenox Temple property and obtained a receiver for that property on September 12, 2019. (Id., Exh. D).

JLS and US Bank both have a receiver appointed for the Lenox Temple property.

After the JLS and US Bank actions were filed and after a receiver was appointed in both cases, J&J Capital Realty Associates, LLC ("J&J") recorded a second mortgage (the "J&J Mortgage") on the Lenox Temple property and another related property owned by Teaneck Plaza Ventures, LLC. (Sod Cert., Exh B). The mortgage is dated January 15, 2019, but not recorded for nine (9) months. (Id.).

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

4829-3149-3598, v. 1

The J&J Mortgage is dated two days before JLS made its loan and the existence of the J&J Mortgage was not disclosed to JLS. (Sod Cert., ¶ 16-19).

## LEGAL ARGUMENT

JLS does not dispute payment of the Receiver's fees and expenses or the Receiver's legal fees, subject to reviewing the final amounts.  The Receiver's fees and expenses should be deemed paid out of the proceeds as a first priority lien as contemplated by the Receiver Orders.  Providing the receiver was the cause of this buyer agreeing to purchase the property, the commission seems reasonable.

A.  **The Court Should Allow Parties to Review And Analyze Payment Histories**.

The Receiver has not reviewed any payment histories to verify the payoff amounts.  JLS served subpoenas on the mortgagees requesting payment histories. (Duggan Cert. Exh H).  JLS is hoping the payments histories are provided before the end of the week so JLS can verify the payoff amounts.  At that time, JLS can either continue its request to have any disputed amounts held in escrow to consent to the payoffs.

It is also important to note that under New Jersey law, default interest is only allowed if the rate does not act as a penalty, same for prepayment penalties.  Counsel seeks to review the loan documents and rates to verify whether the rates and charges are penalties or liquidated damages.  Also, counsel must be able to review the terms of the loan documents to determine when default interest, if allowed, is entitled to be charged. MetLife v. Washington Ave Associates, 159 N.J. 484 (1999).

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

4829-3149-3598, v. 1

JLS is not making any allegations against any mortgagee, just that it does not have sufficient information to analyze the amounts to be paid at closing. The closing should occur, with any funds in dispute being held in escrow. The Sale Order expressly provides for disputed amounts to be held in escrow.

### B. J&J Mortgage is Suspect And The Full Amount of The Alleged Payoff Should Be Held in Escrow.

JLS does not have sufficient facts to evaluate whether the J&J Mortgage is a valid mortgage. JLS emailed a subpoena to J&J's counsel seeking documents supporting the mortgage. (Duggan Cert., Exh H). JLS seeks copies of the loan documents to verify the loan terms, copies of the closing statement and wire receipts to see who received the funds, payment histories, and related documents. This information is crucial to understand whether the loan is a bona fide transaction supported by valuable consideration.

#### 1. The Late Recording of The Mortgage Raises Serious Questions.

As a basic premise, it is true that "no contract is enforceable . . . without the flow of consideration--both sides must 'get something' out of the exchange." *Continental Bank of Pennsylvania v. Barclay Riding Academy, Inc.*, 93 N.J. 153, 170, 459 A.2d 1163, *cert. denied,* 464 U.S. 994, 104 S. Ct. 488, 78 L. Ed. 2d 684 (1983) (quoting *Friedman v. Tappan Development Corp.*, 22 N.J. 523, 533, 126 A.2d 646 (1956)). That premise applies equally to agreements to modify existing contracts as to new contracts. [*485] *County of Morris v. Fauver*, 153 N.J. 80, 100, 707 A.2d 958 (1998). *See also Ross v. Orr*, 3 N.J. 277, 282, 69 A.2d 730 (1949); *Levine v. Blumenthal*, 117 N.J.L. 23, 26, 186 A. 457 (Sup.Ct.1936), *aff'd,* 117 N.J.L. 426, 189 A. 54 (E. & A.1937).

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

4829-3149-3598, v. 1

A note and mortgage are contracts and need to be support by consideration. <u>Wiencke v. Branch-Bridge Realty Corp.</u>, 125 N.J. Eq. 135, 142 (1939). JLS seeks to investigate whether the J&J Mortgage is support by consideration. Also, to the extend the granting of the J&J Mortgage was done to defraud creditors by hiding the mortgage (i.e. no recording) for nine months, it may be a fraudulent transfer. N.J.S.A. §§ 25:2-20 – 25:2-34.

2. <u>Corporate Authority of Borrower Questionable.</u>

JLS had discussions with counsel for Ascend Re Partners II, LLC "Ascend"), an entity that alleges to own 60% of the membership interest in Lenox Temple and was involved in the litigation that was severed form this case. Ascend attempted to intervene in this case my filing a motion on September 26, 2019 (Doc # 23). Ascend is expected to also object to the J&J Mortgage being paid since it does not appear that Ascend knew or agreed to the borrowing of money or granting of the liens.

There appears to be other problems with the J&J Mortgage. Based upon the facts presented to JLS when it made its loan, the ***sole member*** of Lenox Temple, LLC is "River Funding, LLC". (Sod Cert., Exh A, ¶ 6(A); Doc # 1, Verified Complaint, Exh. F). In order to grant the J&J Mortgage, ***River Funding, LLC, as the sole and 100% member of Lenox Temple, LLC***, would have to be the one who executed the mortgage and approved the borrowing. The J&J Mortgage was not signed by River Funding, LLC as sole member, but only by Seth Levine as the manager of Lenox Temple, LLC.

JLS and Ascend should be entitled to review the loan documents and corporate authorization before a non-party like J&J Capital is paid.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

4829-3149-3598, v. 1

## CONCLUSION

There is no harm in holding the J&J Mortgage proceeds in escrow pending limited discovery on the bona fides of the loan and mortgage. Counsel already served discovery and hopes to have responses on the issue of allocation of payments, calculation of default interest and prepayment fees before the return date.

        STARK & STARK
        A Professional Corporation

        / s/*Timothy P. Duggan*
        TIMOTHY P. DUGGAN
        Attorney ID # 037691991

        **STARK & STARK**
        A Professional Corporation
        993 Lenox Drive, Bldg. 2
        Lawrenceville, NJ 08648-2389
        (609) 896-9060
        Fax: (609)895-7395
        Email: dug@stark-stark.com

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

-9-

4829-3149-3598, v. 1